UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAVIER CASTILLO,

                Plaintiff,

    v.

WCC SUPERINTENDENT, et al.,

                Defendants.

CASE NO. 3:18-cv-05796-RBL-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Javier Castillo, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated defendants allegedly housed plaintiff in the same unit as a rival gang member in an attempt to have him killed. However, he has not alleged personal participation as to two of his defendants. Having reviewed and screening plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. However, the Court provides

plaintiff leave to file an amended pleading by December 7, 2018, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff filed this action in September of 2018. Dkt. 1. He alleges that he was assaulted by a rival gang member in 2016. Dkt. 5. He states further that, during the investigation into the assault, defendant Ortiz stated "it would never end for him" if defendant Ortiz discovered plaintiff had initiated the assault. Dkt. 5, p. 4. He also alleges that defendant Ortiz caused plaintiff's phone privileges to be limited without proper evidence. *Id*. He further alleges that defendant Ortiz intimated that the "D.O.C. was tired of [plaintiff] and on 4-25-2016 they made an attempt to kill him by housing [a rival gang member] in Washington Corrections Center [where plaintiff was being housed]." *Id*. at p. 6. Plaintiff alleges defendants were aware that it was unsafe to house the rival gang member with plaintiff. *Id*. at pp. 6-7. Plaintiff requests declaratory and injunctive relief, as well as $750,000 in compensatory damages and $250,000 in punitive damages. *Id*. at p. 10.

## DISCUSSION

### I. Personal Participation by Defendants

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be

based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, plaintiff has not shown personal participation by defendants "WCC Superintendent" or defendant Rivera. Plaintiff alleges that defendant Ortiz threatened plaintiff and stated that "D.O.C. was tired of him and on 4-25-2016 they made an attempt to kill hm by housing [a rival gang member] in the same location." Dkt. 5, p. 6. However, nowhere in his complaint does he make any allegations against either defendant Superintendent or Rivera. Rather, he states those defendants were "legally responsible" for the operations in plaintiff's location. *Id*. at p. 2. Thus, plaintiff has failed to demonstrate how defendant Superintendent and defendant Rivera committed an affirmative act, or participated in another's affirmative act.

In addition, plaintiff's complaint raises claims against defendants "WCC superintendent" and Rivera only in their supervisory capacities. However, as noted above, plaintiff cannot recover based on vicarious liability alone. Rather, he must demonstrate that a defendant's own conduct violated plaintiff's rights. *Harris*, 489 U.S. at 185-90. Further, a supervisor will only be liable for the actions of his or her subordinates if he or she participated in or directed the alleged violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not made such allegations here. Because of this, plaintiff has not brought allegations that properly state a claim for supervisory liability and has not yet alleged personal participation. Therefore, the Court declines to serve his complaint at this time.

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining *exactly* what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

## II. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) *the name or names of the person or persons who violated the right*; (3) *exactly what each individual or entity did or failed to do*; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before December 7, 2018**, the undersigned will recommend dismissal of defendant Superintendent and defendant Rivera pursuant to 28 U.S.C. § 1915. The claims against defendant Ortiz will proceed.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 5th day of November, 2018.

_____
J. Richard Creatura
United States Magistrate Judge