# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

Javier Castillo,

          Plaintiff,

v.

WCC Superintendent,

          Defendant.

CASE NO. 3:18-cv-05796-RBL-JRC

ORDER

Before the Court is plaintiff's motion for appointment of counsel. Dkt. 17. Defendants filed a response opposing plaintiff's motion. Dkt. 18.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of

success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Plaintiff alleges that he cannot afford to hire an attorney, no attorney will take his case, the issues are complex, he speaks and writes limited English, and has no legal training, and he is currently housed in maximum custody with limited access to the law library. Dkt. 17.

Here, plaintiff has not shown that he is likely to succeed on the merits of his case or shown an inability to articulate his claims in a fashion that is understandable to the Court. For example, although plaintiff alleges he speaks and writes "very limited English," plaintiff does not allege that he is *unable* to read, write, or understand English. Dkt. 17 at 1-7. Moreover, plaintiff has clearly articulated his claims in two complaints and in various motions, *see* Dkts. 5, 6, 8, 9, 17, thus, his allegations that he is not proficient in the English language are inconsistent with the record, *see id.* His pleadings before the Court demonstrate that he is able to understand the legal standards applicable to his § 1983 claims and communicate the factual basis for those claims. *See id.*

In addition, this is not a complex case nor do plaintiff's § 1983 claims entitle him to representation. *See Storseth*, 654 F.2d at 1353. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331. The Court also notes "[p]laintiff's incarceration and limited access to legal materials are not

exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

Thus, Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel. Plaintiff's motion to appoint counsel (Dkt. 17) is therefore denied without prejudice.

Dated this 11th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge